# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

ERVIN SINGLETON,

    Petitioner,

v.

AHMED HOLT, Warden,

    Respondent.

CIVIL ACTION NO.: 2:15-cv-3

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Ervin Singleton ("Singleton"), who is currently incarcerated at Phillips State Prison in Buford, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his convictions obtained in the Glynn County, Georgia, Superior Court. (Doc. 1.) Respondent filed an Answer-Response and a Motion to Dismiss, (docs. 8, 9), and Singleton filed a Response. (Doc. 16.) For the reasons which follow, I **RECOMMEND** that Respondent's Motion be **GRANTED**, Singleton's Petition be **DISMISSED**, and this case be **CLOSED**. I also **RECOMMEND** that Singleton be **DENIED** a Certificate of Appealability and **DENIED** *in forma pauperis* status on appeal.

### BACKGROUND

Singleton was convicted on January 31, 2007, after entering a guilty plea, in the Glynn County, Georgia, Superior Court of two counts of burglary, two counts of aggravated assault, four counts of possession of a firearm during the commission of a crime, possession of a firearm by a convicted felon, and armed robbery. (Doc. 6, pp. 1, 5.) He was sentenced to twenty years

on each count, with the sentences to run concurrently. (Id. at 30.) Singleton did not file an appeal.

Singleton filed a state habeas corpus petition in the Richmond County, Georgia, Superior Court on June 3, 2008. (Doc. 11-4.) Singleton asserted that his guilty plea was not entered into knowingly and voluntarily and that he was denied effective assistance of counsel. (Id. at 4.) Following evidentiary hearings on January 28, 2009, and August 6, 2009, the state habeas court denied relief on January 22, 2010. (Doc. 11-5.) The Georgia Supreme Court denied Singleton's application for a certificate of probable cause to appeal the state habeas court's denial of relief on September 7, 2010. (Doc. 11-7.)

## DISCUSSION

Singleton filed this federal petition for writ of habeas corpus on December 29, 2014. (Doc. 1.) Singleton challenges his Glynn County convictions on three grounds. First, Singleton alleges that his guilty plea was involuntary due to his mental incompetency and a brain defect. (Id. at p. 6.) Second, Singleton alleges that his conviction was improper because he was not convicted under his proper name.[1] (Id. at p. 8.) Finally, Singleton alleges that his double jeopardy rights were violated because he pleaded guilty to charges in federal court that were dismissed in state court. (Id. at p. 9.)

Respondent avers Singleton's petition was untimely filed and should therefore be dismissed. (Doc. 9.) The Court now addresses Respondent's assertion.

**I. Whether Singleton's Petition was filed timely**

To determine whether Singleton's petition was filed in a timely manner, the Court must look to the applicable statute of limitations periods. A prisoner must file a petition for writ of

---

[1] Singleton argues that the warrant was defective because it did not include his middle name.

2

habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Singleton's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Singleton was convicted in the Glynn County Superior Court on January 31, 2007. Singleton had a period of thirty (30) days to file a notice of appeal. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]"). Singleton did not file an appeal, and, accordingly, his conviction became final on March 2, 2007. Because Singleton's conviction became final on March 2, 2007, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §2244(d)(2) (emphasis supplied); Taylor v. Williams,

528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance– i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219–20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

As noted above, Singleton's conviction became final on March 2, 2007. (Doc. 6, pp. 1, 5.) He had one year from that date to file a 28 U.S.C. § 2254 petition for writ of habeas corpus or a properly filed application for state post-conviction or other collateral review. Singleton filed his state habeas corpus petition on June 3, 2008; which was 459 days after his conviction became final. (Doc. 11-4.) By that time, the statute of limitations period applicable to Section 2254 petitions had expired, and the filing of his state habeas corpus petition did not toll or revive the federal statute of limitations. Therefore, Singleton's 28 U.S.C. § 2254 petition was not timely filed.

Having determined that statutory tolling is not available to Singleton, the Court must now decide whether he is entitled to equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo,

4

544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Florida, 560 U.S. 631 (June 14, 2010). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Singleton arguably avers that he is entitled to equitable tolling of the statute of limitations. Singleton contends that both his ignorance of the statute of limitations period applicable to Section 2254 petitions and his mental incompetence prevented him from diligently pursuing this habeas petition. (Doc. 1, p. 14.) While the Court accepts Singleton's contention that he was unaware of the applicable statute of limitations for filing a Section 2254 petition, and the record confirms that Singleton suffers from an array of psychological disorders, (doc. 6-1, p. 9), "a lack of a legal education and related confusion or ignorance about the law [are not] excuses for a failure to file in a timely fashion." Perez v. Fla., 519 F. App'x 995, 997 (11th Cir. 2013). Furthermore, a contention of mental incompetence, "without more, is insufficient to justify equitable tolling." Lawrence v. Fla., 421 F.3d 1221, 1227 (11th Cir. 2005) (citing Bilbrey v. Douglas, 124 F. App'x 971, 973 (6th Cir. 2005) (finding that equitable tolling did not apply because petitioner "failed to establish a causal connection between her mental condition and her ability to file a timely petition")).

Moreover, the record shows that Singleton diligently pursued his state habeas petition, disputing his contention that he was mentally incapable of meeting the filing deadlines for his Section 2254 petition. Singleton's ignorance of the law cannot excuse his untimely filing, and his prior diligent pursuit of a state relief belies his contention that mental incompetence

5

prevented him from diligently pursuing this Section 2254 petition. Accordingly, Singleton is not entitled to equitable tolling. Consequently, Singleton's Section 2254 Petition was filed untimely and is subject to dismissal.

## II.     Leave to Appeal *In Forma Pauperis* and Certificate of Appealability

The Court should also deny Singleton leave to appeal *in forma pauperis*, and he should be denied a Certificate of Appealability ("COA"). Though Singleton has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court <u>must</u> issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); <u>see also</u> Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. <u>Busch v. Cty. of Volusia</u>, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." <u>Napier v. Preslicka</u>, 314 F.3d 528, 531

(11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Respondent's Motion to Dismiss and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.

CONCLUSION

Based on the foregoing, I **RECOMMEND** that Respondent's Motion to Dismiss be **GRANTED**, Singleton's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, should be **DISMISSED** as untimely filed, and this case be **CLOSED**. I also **RECOMMEND** that Singleton be **DENIED** a Certificate of Appealability and be **DENIED** *in forma pauperis* status on appeal.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

CONCLUSION

Based on the foregoing, I **RECOMMEND** that Respondent's Motion to Dismiss be **GRANTED**, Singleton's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, should be **DISMISSED** as untimely filed, and this case be **CLOSED**. I also **RECOMMEND** that Singleton be **DENIED** a Certificate of Appealability and be **DENIED** *in forma pauperis* status on appeal.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.  The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Singleton and the Government.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 23rd day of November, 2015.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA